## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF NEW YORK

~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~

ALEXANDER McFADDEN,

                                        Plaintiff,

        v.

JOSE D. ORTIZ, Executive Officer Chase        5:12-CV-1244
JP Morgan Chase & CO., and                    (MAD/ATB)
JAMES SIMON, Manager Chase JP
Morgan Chase & Co.,

                                        Defendants.

~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~

ALEXANDER McFADDEN
Plaintiff, pro se

ANDREW T. BAXTER, United States Magistrate Judge

### ORDER and REPORT-RECOMMENDATION

        The Clerk has sent to the court what purports to be a civil rights complaint,

together with an application to proceed *in forma pauperis* (IFP) filed by pro se

plaintiff, Alexander McFadden. (Dkt. Nos. 1, 2).

## I.    *In Forma Pauperis* (IFP) Application

### A.    Financial Criteria

        In order to proceed without payment of fees, the plaintiff must first meet the

financial criteria for IFP status. 28 U.S.C. § 1915(a)(1).  The plaintiff must submit an

affidavit, including a statement of all assets, showing that he cannot pay the filing fee

of $ 350.00. *Id.*  Plaintiff in this case submitted a standard form-application to proceed

IFP, answering only some of the relevant questions.  After reviewing plaintiff's

submission, this court finds that plaintiff has not shown that he is unable to pay the

filing fee.

Although this plaintiff is incarcerated and has filed a motion to proceed IFP, his application states that, in the past twelve months, he has had income from "Business, profession or other self employment," and he has "millions of dollars" in "cash, checking or savings accounts." (Dkt. No. 2 at ¶¶ 3, 4).  Plaintiff does not answer the question that asks him to "describe the source of money and state the amount received and what you expect you will continue to receive." (*Id.* ¶ 3).  Plaintiff answers "yes" to the question asking whether he owns "real estate, stocks, bonds, securities, other financial instruments, automobiles or any other assets." (*Id.* ¶ 5).  Once again, he does not complete the question by describing the property and stating its value. (*Id.*)  The form also indicates that he has only $9.60 in his prison account, and that during the past six months, the average balance in his prison account was $4.03. (Dkt. No. 2 at p.2; Certificate of Authorized Officer at Southport).

If it is true that plaintiff has millions of dollars in bank accounts or even if he has real estate or other valuable property, he may not meet the financial requirements for proceeding IFP.  Based upon the inadequacy of his responses, this court cannot determine plaintiff's real financial status.  Generally, when plaintiff has failed to properly complete the IFP request, the court will deny IFP without prejudice and allow plaintiff to resubmit the form with the proper information.  However, in this case, even if plaintiff met the financial requirements for IFP, the court would recommend dismissal of this action.

B.      Sufficiency of the Complaint

1.      Legal Standards

In addition to determining whether plaintiff meets the financial criteria to proceed IFP, the court must also consider the sufficiency of the allegations set forth in the complaint in light of 28 U.S.C. § 1915, which provides that the court shall dismiss the case at any time if the court determines that the action is (i) frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B)(i) -(iii).

In determining whether an action is frivolous, the court must consider whether the complaint lacks an arguable basis in law or in fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).  Dismissal of frivolous actions is appropriate to prevent abuses of court process as well as to discourage the waste of judicial resources. *Neitzke*, 490 U.S. at 327; *Harkins v. Eldridge*, 505 F.2d 802, 804 (8th Cir. 1974).  Although the court has a duty to show liberality toward *pro se* litigants, and must use extreme caution in ordering *sua sponte* dismissal of a *pro se* complaint before the adverse party has been served and has had an opportunity to respond, the court still has a responsibility to determine that a claim is not frivolous before permitting a plaintiff to proceed. *Fitzgerald v. First East Seventh St. Tenants Corp.*, 221 F.3d 362, 363 (2d Cir. 2000) (finding that a district court may dismiss a frivolous complaint *sua sponte* even when plaintiff has paid the filing fee).

To survive dismissal for failure to state a claim, the action must contain

sufficient factual matter, accepted as true, to state a claim that is "plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "[T]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements," do not suffice. *Id.* (citing *Bell Atl. Corp*., 550 U.S. at 555). The factual allegations must also be sufficient to give the defendant "'fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atl. Corp*., 550 U.S. at 555 (citation omitted).

## 2.   Application

### (i)   Color of State Law

Plaintiff brings this action under 42 U.S.C. § 1983. (Compl. ¶ 1). In order to state a claim under section 1983, plaintiff must establish that he was deprived of a right secured by the Constitution or laws of the United States, and that the alleged deprivation was committed "under color of state law." *American Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 49-50 (1999). The law does not reach private conduct, no matter how "discriminatory or wrongful." *Id.* (quoting *Blum v. Yaretsky*, 457 U.S. 991, 1002 (1982)).

An exception to the above rule occurs if the private individual conspires with a state actor to commit an unconstitutional act, or when he is a willful participant in joint activity with the State or its agents. *Ciambriello v. County of Nassau*, 292 F.3d 307, 324 (2d Cir. 2002) (citing *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 152 (1970)). Conclusory allegations of conspiracy, however, are insufficient to state a claim. *Id.* (citing *Spear v. Town of West Hartford*, 954 F.2d 63, 68 (2d Cir. 1992)).

4

In this case, plaintiff names two executives of JP Morgan Chase & Co. ("Chase") as defendants.  In addition to being very difficult to determine what these defendants allegedly did to plaintiff, there is no indication that either defendant acted under color of state law.  It appears from reading all of plaintiff's complaint, that he might be claiming that there was some sort of problem with his account because plaintiff is an inmate. (Compl. ¶ 4).[1]  There is also no allegation or other indication that either or both defendants "conspired" with any state actors to bring this action under section 1983.  Thus, plaintiff's complaint may be dismissed for this reason.

### (ii)   Criminal Statutes

In plaintiff's "Causes of Action," he states that defendants violated the New York Penal Law regarding offering false documents for filing, tampering with public records, and falsifying business records. (Compl. ¶ 7) (citing N.Y PENAL LAW §§ 175.35, 175.25; and 175.10.  There is no private right of action to enforce either state or federal criminal statutes. *Carvel v. Ross*, No. 09-Civ. 722, 2011 WL 856283, at *11-12 (S.D.N.Y. Feb. 6, 2011) (citing *inter alia Abrahams v. Incorporated Village of Hempstead*, No. 08-CV-2584, 2009 WL 1560164, at *8 (E.D.N.Y. June 2, 2009) (dismissing civil suit for perjury because there is no private right of action for perjury under New York Law)).  Thus, in this case, even if the defendants violated any

---

[1] This section of the form-complaint asks about plaintiff's attempts at exhaustion of administrative remedies.  In this section, plaintiff states that he submitted his complaint to "them about this here problem of my services to do for income." (Compl. ¶ 4(b)(i)).  Plaintiff states that the result of the complaint was that "it was denied base [sic] on my prisonment [sic]." (Compl. ¶ 4(b)(ii)). On the next page, plaintiff states that he submitted a financial statement "why in prison is nonfactual action of proceeding of due process." (Compl. ¶ 4(c)(i)).  Plaintiff states that the "final result" was the denial of "due process." (Compl. ¶ 4(c)(ii)).

criminal statutes,[2] this plaintiff may not bring a claim based on those statutes to enforce New York State Criminal Law.

### (iii)   Statement of Claim

Rule 8(a)(2) of the Federal Rules of Civil Procedure requires that the complaint contain a "short and plaint statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2).  In this case, although plaintiff's statements are "short," they are far from "plain" and any claim for relief is completely disguised. Plaintiff's statement of the facts is as follows:

> Of my prior certificate of opening an account by my name
> and title only of for the checking and savings account Prior
> to my self-employed of employment of his own income By
> the mandated in Jan 3 1986 with the Submitting of Balance
> of cash withdrawing to them.    Sincerely

(Compl. ¶ 6).[3]  Other than liberally reading that there could have been some problem withdrawing money from an account that was opened in plaintiff's name, and plaintiff's statement that there was a "due process violation" there is no other indication of which of plaintiff's rights these defendants allegedly violated.  Plaintiff names an "executive officer" of Chase in Houston, Texas and a "manager" in New York City.  There is absolutely no relationship stated between these defendants and any of plaintiff's factual statements.  Thus, the complaint fails to meet the standard set

---

[2] This court does **not** make any such finding.

[3] The court has quoted the plaintiff's factual paragraph as it appears in the complaint.  Clearly there are errors, however, because there are so many errors, the court has not indicated each error with "[sic]."

by Rule 8, and the court cannot even tell whether plaintiff has a basis in law or in fact. The complaint may be dismissed for failure to state a claim and because it is frivolous.

Generally, when the court dismisses a pro se complaint *sua sponte*, the court should afford the plaintiff the opportunity to amend at least once; however, leave to re-plead may be denied where any amendment would be futile. *Ruffolo v. Oppenheimer & Co.*, 987 F.2d 129, 131 (2d Cir. 1993). In this case, the court finds that any attempt by the plaintiff to amend this complaint would be futile. Plaintiff appears to be attempting to sue Chase executives over some issue regarding plaintiff's bank account. There is no way that plaintiff will be able to amend this action to bring an action against these defendants for "due process violations" under section 1983 or to enforce New York State criminal statutes. Thus, the court will recommend dismissal of this action without an opportunity to amend.

### (iv)   Venue

The court also notes that neither of the defendants resides, or is located in, the Northern District of New York. One defendant is listed with a Houston, Texas address, and the other defendant is listed as having a New York City address. (Compl. ¶ (3)(a) & (3)(b). Plaintiff is incarcerated at Southport Correctional Facility, located in the Western District of New York.

Venue in federal-question cases is generally determined by 28 U.S.C. § 1391(b) which provides that

> A civil action wherein jurisdiction is not founded solely on diversity of citizenship may, except as otherwise provided by law, be brought only in (1) a judicial district where any

7

> defendant resides, if all defendants reside in the same State,
> (2) a judicial district in which a substantial part of the events
> or omissions giving rise to the claim occurred, ... or (3) a
> judicial district in which any defendant may be found, if
> there is no district in which the action may otherwise be
> brought.

This case is clearly not a diversity action because one of the defendants is a New York resident, as is plaintiff. Plaintiff claims this is a section 1983 action, and therefore, a federal question case. Assuming that the case is based on a federal question, venue is not proper in the Northern District of New York. All defendants do not reside in the same state. Neither defendant is located in this district, and thus no defendant may be found in this district. Plaintiff is not located in this district, and it appears that none of the events or omissions giving rise to this claim occurred in this district.

Under 28 U.S.C. § 1406, a district court faced with a case brought "laying venue in the wrong division or district, shall dismiss" or, in the interests of justice, shall transfer the case to the district in which it could have been brought. 28 U.S.C. § 1406(a). The Second Circuit has cautioned that a court should not dismiss for improper venue on its own motion "except in *extraordinary circumstances*." *Stich v. Rehnquist*, 982 F.2d 88, 89 (2d Cir. 1992)(emphasis added). This court finds, however, that this plaintiff's case presents precisely those extraordinary circumstances that were present in *Stich.*

In this case, the plaintiff has not stated a claim under section 1983, and the court cannot determine what venue might be appropriate, thus, the court will not transfer this case in the interests of justice. Instead, the improper venue is an additional reason

to recommend dismissal of this action.

WHEREFORE, based on the findings above, it is

ORDERED, that plaintiff's motion for IFP (Dkt. No. 2) is DENIED, and it is

RECOMMENDED, that plaintiff's complaint be DISMISSED IN ITS ENTIRETY WITH PREJUDICE pursuant to 28 U.S.C. § 1915(e)(2)(B)(i)-(ii) and it is

RECOMMENDED, that if the District Court approves this recommendation, the court certify that any appeal from this matter would not be taken in good faith pursuant to 28 U.S.C. § 1915(a)(3).

Pursuant to 28 U.S.C. § 636 (b)(1) and Local Rule 72.1(c), the parties have FOURTEEN (14) DAYS within which to file written objections to the foregoing report. Any objections shall be filed with the Clerk of the Court. FAILURE TO OBJECT TO THIS REPORT WITHIN FOURTEEN DAYS WILL PRECLUDE APPELLATE REVIEW. *Roldan v. Racette*, 984 F.2d 85, 89 (2d Cir. 1993) (citing *Small v. Secretary of Health and Human Services*, 892 F.2d 15 (2d Cir. 1989)); 28 U.S.C. § 636 (b)(1); Fed. R. Civ. P. 6(a), 6(e), 72.

Dated: August 7, 2012

Hon. Andrew T. Baxter
U.S. Magistrate Judge

9