**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK**
_____

**ALEXANDER McFADDEN,**

                        **Plaintiff,**

    vs.                                      **5:12-CV-1244
                                                (MAD/ATB)**

**JOSE D. ORTIZ, Executive Officer Chase
JP Morgan Chase & CO., and
JAMES SIMON, Manager Chase JP
Morgan Chase & Co.,**

                        **Defendants.**
_____

**APPEARANCES:**

**ALEXANDER McFADDEN,
11-A-4995**
Southport Correctional Facility
P.O. Box 2000
Pine City, New York 14871
Plaintiff *pro se*

| | |
|---|---|
| **JOSE D. ORTIZ** | **JAMES SIMON** |
| Executive Officer for | Manager for |
| Chase JP Morgan Chase & CO., | Chase JP Morgan Chase & CO., |
| P.O. Box 19020 | 270 Park Avenue |
| Houston, Texas 77224 | New York, New York 10017 |

**Mae A. D'Agostino, U.S. District Judge:**

## MEMORANDUM-DECISION AND ORDER

### I. INTRODUCTION

    Plaintiff *pro se* Alexander McFadden ("McFadden"), an inmate at the Southport

Correctional Facility ("SCF"), filed this action pursuant to 42 U.S.C. § 1983. In his complaint,

Plaintiff appears to allege that Defendants, two executives of Chase JP Morgan Chase & Co.

("Chase"), violated his constitutional rights through conduct that, in some way, involved a bank account. *See* Dkt. No. 1 at ¶ 4.

On August 7, 2012, Magistrate Judge Andrew T. Baxter issued an Order and Report-Recommendation, recommending that the Court dismiss Plaintiff's complaint in its entirety with prejudice, pursuant to 28 U.S.C. § 1915(e)(2)(B)(i)-(ii). *See* Dkt. No. 5. Currently before the Court are Plaintiff's objections to Magistrate Judge Baxter's August 7, 2012 Order and Report-Recommendation.

## II. BACKGROUND

In his Order and Report-Recommendation dated August 7, 2012, Magistrate Judge Baxter recommended that Plaintiff's motion to proceed *in forma pauperis* ("IFP") should be denied by the Court and, upon review of the complaint, that this action be dismissed in its entirety with prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B)(i)-(ii). *See* Dkt. No. 5 at 9. Further, Magistrate Judge Baxter recommended that if the Court approves his report, the Court should certify that any appeal from this matter will not be taken in good faith pursuant to 28 U.S.C. § 1915(a)(3). *See id.*

Regarding Plaintiff's complaint, Magistrate Judge Baxter's Order and Report-Recommendation recommends that because there is no indication that either Defendant acted under "color of state law," and because there are no allegations that either or both Defendants "conspired" with any state actors to bring this action under section 1983, Plaintiff's complaint should be dismissed. *See* Dkt. No. 5 at 5.

Regarding Plaintiff's claim that Defendants violated New York Penal Law by offering false documents for filing, tampering with public records, and falsifying business records, Magistrate Judge Baxter recommended that because there is no private right of action to enforce

2

either state or federal criminal statutes, Plaintiff is barred from bringing a claim to enforce these provisions of the New York State Criminal Law. *See* Dkt. No. 5 at 6.

Accordingly, Magistrate Judge Baxter recommended this Court hold that, due to Plaintiff's failure to state a claim under 42 U.S.C. § 1983 upon which relief can be granted, combined with the courts inability to determine what venue might be appropriate, Plaintiff's motion for IFP should be denied, and Plaintiff's complaint should be dismissed in its entirety with prejudice pursuant 28 U.S.C. § 1915(e)(2)(B)(i)-(ii). *See* Dkt. No. 5 at 9.

In his "objections" to Magistrate Judge Baxter's Order and Report-Recommendation, Plaintiff simply provides the Court with language from various cases discussing various types of objections and the Court's authority to review unpreserved errors. *See* Dkt. Nos. 14, 15.

## III. DISCUSSION

**A.     Review of a magistrate judge's decision**

If a party files specific objections to a magistrate judge's report-recommendation, the district court performs a "*de novo* determination of those portions of the report of specified proposed findings or recommendations to which objections is made." 28 U.S.C. § 636(b)(1) (2006). However, if a party files "[g]eneral or conclusory objections or objections which merely recite the same arguments [that were presented] to the magistrate judge," the court simply reviews those recommendations for clear error. *O'Diah v. Mawhir*, No. 9:08-CV-322, 2011 WL 933846, *1 (N.D.N.Y. Mar. 16, 2011) (citations and footnote omitted). At the conclusion of the appropriate review, "the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1).

**B.     *In Forma Pauperis* application**

In order for a plaintiff to proceed without payment of any fees, he must first meet the financial criteria for IFP status. *See* 28 U.S.C. § 1915(a)(1). The plaintiff must submit an affidavit, including a statement of all assets, establishing his inability to pay the filing fee of $350.00. *See id*.

Here, Plaintiff submitted a standard IFP application form, but answered only some of the relevant questions. Furthermore, while Plaintiff is incarcerated and has filed a motion to proceed IFP, his application states that, in the past twelve months, he has had income from "[b]usiness, profession or other self employment," and has "millions of dollars" in "cash, checking or savings accounts." *See* Dkt. No. 2 at ¶¶ 3, 4. Plaintiff, however, does not answer the question that asks him to "describe the source of money and state the amount received and what you expect you will continue to receive." *See id*. at ¶ 3. Plaintiff answers "yes" to the questions asking whether he owns "real estate, stocks, bonds, securities, other financial instruments, automobile or any other assets." *See id*. at ¶ 5. Once again, however, Plaintiff does not complete the question by describing the property and stating its value. *See id*. Lastly, the form indicates that Plaintiff only has $9.60 in his prison account, and that during the last six months prior to this application, the average balance in his prison account was $4.03. *See* Dkt. No. 2 at 2.

If Plaintiff's claims are true and he does in fact have millions of dollars and real estate or other valuable property, then he cannot meet the financial requirements for proceeding IFP. Generally, when plaintiff has failed to properly complete the IFP request, the court will deny IFP without prejudice and allow plaintiff to resubmit the form with proper information. However, in this case, based upon the inadequacy of Plaintiff's responses, combined with his failure to state a plausible cause of action and the fact that amendment would be futile as discussed below, even if

4

Plaintiff met the financial requirements for IFP, the Court would still find dismissal of this action to be proper.

**C.     Sufficiency of the complaint**

*1. Legal Standard*

In addition to determining whether Plaintiff meets the financial criteria to proceed IFP, the court must also consider the sufficiency of the allegations set forth in the complaint in light of 28 U.S.C. § 1915, which provides that the court shall dismiss the case at any time if it determines that the action is (i) frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief. *See* 28 U.S.C. § 1915(e)(2)(B)(i)-(iii).

*2. Application*

*a. Color of state law*

Plaintiff brings this complaint pursuant to 42 U.S.C. § 1983. *See* Dkt. No. 1. To state a claim under section 1983, a plaintiff must allege two elements: (1) the defendant acted under color of state law; and (2) as a result of the defendant's actions, the plaintiff suffered a deprivation of her rights or privileges as secured by the Constitution of the United States. *See Annis v. County of Westchester*, 136 F.3d 239, 245 (2d Cir. 1998). Under extremely limited circumstances not alleged here, private actors, such as Defendant, may be held liable under section 1983. *See White v. Monarch Pharmaceuticals, Inc.*, No. 08–CV–0430, 2009 WL 3068217, *1 (2d Cir. Sept. 28, 2009); *see also Rendell–Baker v. Kohn*, 457 U.S. 830, 838–42 (1982). The law does not reach

private conduct, no matter how "discriminatory or wrongful." *Annis*, 136 F.3d at 245 (quoting *Blum v. Yaretsky*, 457 U.S. 991, 1002 (1982)).

In the present matter, Plaintiff names two executives of Chase as Defendants. Along with being very difficult to determine what these Defendants allegedly did to Plaintiff, there is no indication that either Defendant acted under color of state law. Moreover, the complaint does not allege or suggest that Defendants conspired with a state actor to violate his constitutional rights. Further, Plaintiff does not allege any conduct attributable to either Defendant sufficient to establish their personal involvement in any alleged constitutional deprivation. *See Wright v. Smith*, 21 F.3d 496, 501 (2d Cir. 1994) (quotation and other citations omitted).

Based on the foregoing, the Court finds that Magistrate Judge Baxter correctly recommended that the Court should dismiss the complaint.

### *b. Criminal statutes*

Plaintiff states in the "Causes of Action" section of his complaint that Defendants violated the New York Penal Law regarding falsifying business records, tampering with public records, and offering false documents for filing. *See* Dkt. No. 1 (citing N.Y. PENAL LAW §§ 175.10, 175.25, and 175.35). Even if this is true, however, there is no private right of action to enforce either state or federal criminal statutes. *See Abrahams v. Incorporated Village of Hempstead*, No. 08-CV-2584, 2009 WL 1560164, *8 (E.D.N.Y. June 2, 2009) (holding that dismissal of civil suit for perjury was proper because there is no private right of action for perjury under New York Law). Therefore, even assuming, *arguendo*, that Defendants violated some criminal statutes, Plaintiff may not bring a claim based on those statutes to enforce New York Criminal Law.

As such, Magistrate Judge Baxter correctly recommended the Court find that Plaintiff has failed to allege a plausible cause of action.

### *c. Venue*

Venue in federal-question cases is generally determined by 28 U.S.C. § 1391(b) which provides that

> [a] civil action wherein jurisdiction is not founded solely on diversity of citizenship may, except as otherwise provided by law, be brought only in (1) a judicial district where any defendant resides, if all defendants reside in the same State, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, . . . or (3) a judicial district in which any defendant may be found, if there is no district in which the action may otherwise be brought.

28 U.S.C. § 1391(b). In this case, one of the Defendants is listed with a Houston, Texas address, while the other Defendant is listed as having a New York City address. *See* Dkt. No. 1 at ¶¶ 3(a) and (3)(b). Thus, neither of the Defendants reside, or are located, in the Northern District of New York. Plaintiff is incarcerated at Southport Correctional Facility, located in the Western District of New York. Therefore, since both Plaintiff and one of the Defendants are New York residents, this case could clearly not be brought as a diversity action. Moreover, under Plaintiff's section 1983 claim, venue is not proper in the Northern District of New York. All Defendants do not reside in the same state, neither Defendant is located in this district, and the complaint does not allege any conduct that occurred in the Northern District of New York.

Under 28 U.S.C. § 1406, a district court faced with a case brought "laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." 28 U.S.C. § 1406(a). The Second Circuit has suggested that "a district court should not dismiss for improper venue on its own

7

motion except in extraordinary circumstances." *Concession Consultants, Inc. v. Mirisch*, 355 F.2d 369 (2d Cir. 1966).

In the present matter, the Court finds and agrees with Judge Baxter's Order and Report-Recommendation that this case presents precisely the extraordinary circumstances making it proper for the Court to dismiss for improper venue *sua sponte*.

### *d. Leave to amend*

When a *pro se* complaint fails to state a cause of action, the court generally "should not dismiss without granting leave to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated." *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000) (internal quotation and citations omitted). Of course, an opportunity to amend is not required where "[t]he problem with [the plaintiff's] cause of action is substantive" such that "better pleading will not cure it." *Id.* (citation omitted); *see also Ruffolo v. Oppenheimer & Co.*, 987 F.2d 129, 131 (2d Cir. 1993).

Here, the Court agrees with Magistrate Judge Baxter that any attempt by Plaintiff to amend his complaint would be futile. As discussed, although Plaintiff alleges "due process violations," section 1983 does not permit such actions to be brought against private individuals absent some involvement by the state. Moreover, Plaintiff does not have the right to enforce New York State criminal statutes.

Based on the foregoing, the Court finds that Magistrate Judge Baxter correctly recommended that the Court should dismiss Plaintiff's complaint with prejudice.

## IV. CONCLUSION

After carefully considering Magistrate Judge Baxter's Order and Report-Recommendation, the applicable law, and for the reasons stated herein, the Court hereby

**ORDERS** that Magistrate Judge Baxter's August 7, 2012 Order and Report-Recommendation is **ADOPTED** in its entirety for the reasons stated therein; and the Court further

**ORDERS** that Plaintiff's application to proceed *in forma pauperis* is **DENIED**; and the Court further

**ORDERS** that Plaintiff's complaint is **DISMISSED with prejudice** pursuant to 28 U.S.C. § 1915(e)(2)(B)(i)-(ii); and the Court further

**ORDERS** that the Clerk of the Court shall enter judgment in Defendants' favor and close this case; and the Court further

**ORDERS** that the Clerk of the Court shall serve Plaintiff with a copy of this Memorandum-Decision and Order in accordance with Local Rules.

**IT IS SO ORDERED.**

Dated: April 26, 2013
      Albany, New York

_____
Mae A. D'Agostino
U.S. District Judge